**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Aiello,<br><br>    Plaintiff,<br><br>vs.<br><br>Windham Professionals, Inc.,<br><br>    Defendant. | No. CV 10-1005-PHX-MHM<br><br>**ORDER** |

Pending before the Court is Plaintiff Donna Aiello's Motion for Attorney's Fees. (Doc. 18). Having reviewed the motion, as well as Defendant's Response, (Doc. 19), and Plaintiff's Reply, (Doc. 20), the Court issues the following Order.

**I.    Factual and Procedural Background**

This case arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA").  Defendant Windham Professionals, Inc.,  a company specializing in debt collection, contacted Plaintiff Donna Aiello in the course of attempting to collect a debt owed to Defendant's client.  Plaintiff alleged that the Defendant threatened to take an action against Plaintiff that could not legally be taken or that was not actually intended to be taken, including threatening to garnish her wages. Plaintiff also alleged that Defendant repeatedly contacted Plaintiff at her place of employment after being informed by Plaintiff

1  that such calls are inconvenient to her and violated the policy of her employer. Plaintiff
2  brought this lawsuit, seeking damages pursuant to the FDCPA.
3      On July 19, 2010, Plaintiff accepted Defendant's offer of judgment in the amount
4  of $1001.00. The Offer of Judgment included the following language:

> Windham Professionals, Inc., (the "Defendant" or "Windham Professionals") by and through its counsel, hereby offers to allow judgment to be taken against it in favor of Plaintiff Donna Aiello (the "Plaintiff") as follows: 1) Judgment shall be entered in the total amount of One Thousand One Dollars ($1,001.00), as against Windham Professionals; 2) In addition, Plaintiff's costs and reasonable attorney's fees now accrued are to be added to the judgment as against Windham Professionals; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion.

(Doc. 15-1).

On July 19, 2010, the Clerk entered judgment in favor of Plaintiff in the amount of $1001.00 (doc. 16).  The Clerk subsequently awarded taxable costs of $400.00 to Plaintiff. (Doc. 22). On August 3, 2010 Plaintiff filed a Motion for Attorney's Fees, (Doc. 18), pursuant to the FDCPA, seeking $3764.00.  On , August 18, 2010, Defendant responded in opposition, objecting to the fee petition on various grounds. (Doc. 19). On August 25, 2010, Plaintiff replied and requested supplemental fees of $418.00, for time incurred in responding to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Costs. (Doc. 20). In addition to the attorney's fees and supplemental fees, Plaintiff also seeks costs in the amount of $400.00

## II.     Standard of Review

Claims for attorneys' fees in FDCPA cases are governed by 15 U.S.C. § 1692k(a), which provides that "any debt collector who fails to comply . . . is liable to such person in an amount equal to the sum of . . . the costs of the action, together with a reasonable attorney's fee as determined by the court . . ." 15 U.S.C. § 1692k(a). A party who accepts an offer of judgment that does not specifically waive the party's right to collect attorney's fees

1  may pursue attorney's fees. <u>Nusom v. Comh Woodburn, Inc.,</u> 122 F.3d 830, 833 (9th Cir. 1997).

The award of "reasonable" attorney's fees to a successful litigant is considered mandatory under the FDCPA. <u>See</u> <u>Graziano v. Harrison</u>, 950 F.2d 107, 113 (3d Cir. 1991) (an award of attorney's fees is a means of realizing Congressional intent that its provisions be enforced by debtors acting as "private attorneys general"); <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 780 (9th Cir. 1982) (successful debtor entitled to attorney's fees despite absence of actual damages).

The Ninth Circuit has held that "[d]istrict courts must calculate awards for attorney's fees using the lodestar method." <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 n.4 (9th Cir. 2002); <u>see</u> <u>also</u> <u>Van Gerwen v. Guarantee Mutual Life Co.</u>, 214 F.3d 1041, 1044 (9th Cir. 2000) (holding that lodestar amount is presumptively the reasonable fee amount). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>Ferland</u>, 244 F.3d at 1149. The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." <u>Van Gerwen</u>, 214 F. 3d at 1041.

**II.     Discussion**

Because the parties agree that an award of attorney's fees is proper, the only question for this Court is what amount of attorney's fees should be awarded to Plaintiff.

Plaintiff seeks attorneys' fees in the amount of $3764.00, supplemental fees (incurred in connection with the fee petition) in the amount of $418.00, and costs in the amount of $400.00. In an affidavit supporting their claim for attorney's fees, Plaintiff seeks to recover attorneys' fees for Marshall Meyers at a rate of $265.00 per hour for 8.2 hours, Alex Weisberg at a rate of $265.00 an hour for 0.2 hours, and Joshua Trigsted at a rate of $175.00 per hour for 0.8 hours; law clerk fees for Cody Huffaker at a rate of $100.00 per hour for 5.9 hours; paralegal fees for Kimberly Larson, Tremain Davis, Jessica DeCandia, and Jeanette

1 Soto at a rate of $120.00 per hour for 6.0 hours; and legal assistant fees for Steve Perez, Nick
2 Skrdla, and Brent Larson at a rate of $80.00 per hour for 1.1 hours. They have also submitted
3 affidavits from consumer litigation attorneys stating that the attorneys' and paralegals' hourly
4 rates are reasonable.

5 In addition, Plaintiff requests additional fees incurred in responding to Defendant's
6 Opposition to Plaintiff's Petition for Attorneys' Fees and Costs, in the amount of $300.00 for
7 3.0 hours of work by law clerk Lillian Kirby at a rate of $100.00/hour, and $118.00 for 0.4
8 hours of work by attorney Marshall Meyers, at a rate of $295.00/hour, for a total of $418.00.

9 Defendant objects that the attorneys' fees Plaintiff seeks are unreasonable because (1)
10 the offer of judgment did not entitle Plaintiff to attorneys' fees incurred after acceptance of
11 the offer of judgment; (2) Plaintiff seeks fees for tasks which are clerical in nature, which are
12 not recoverable; (3) Plaintiff cannot collect fees for attorneys who are not licensed in
13 Arizona; (4) Plaintiff has failed to comply with LRCiv 54.2(d)(5); and (5) the hours spent by
14 Plaintiff's counsel on the case were excessive.

15 The Court first turns to whether Plaintiff is entitled to fees incurred after she accepted
16 the offer of judgment, including fees incurred bringing and defending the fee application.
17 As a general rule, time spent establishing entitlement to a fee award is compensable. Clark
18 v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986) (citations omitted). However, a
19 settlement offer or an offer of judgment may be conditioned upon the waiver of fees. Evans
20 v. Jeff D., 475 U.S. 717, 737-38 (1986). Accepting such an offer constitutes waiver, but only
21 if the waiver is "clear and unambiguous." Erdman v. Cochise County, Ariz., 926 F.2d 877,
22 880 (9th Cir. 1991) (citations omitted). The "usual rules of contract construction" apply to
23 interpreting the terms of a Rule 68 settlement offer. Herrington v. County of Sonoma, 12
24 F.3d 901, 907 (9th Cir. 1993). In Guerrero v. Cummings, for example, the Ninth Circuit
25 upheld a district court's decision to deny attorney's fees after the date the plaintiff accepted
26 the defendant's offer of judgement since the offer only awarded, "fees and costs incurred .
27 . . prior to the date of this offer." 70 F.3d 1111 (9th Cir. 1995). As a result, the court found

28
- 4 -

that it could not award attorneys' fees incurred in connection with the fee application. Id. (citing Marek v. Chesny, 473 U.S. 1,6 (1985) (stating that even though there may be post-offer proceedings, the terms of the offer control the cut-off of attorneys' fees, not the terms of Rule 68)).

In this case, the offer of judgment clearly states that Defendant was only offering "Plaintiff's cost and reasonable attorney fees **now accrued**." Doc. 15-1 (emphasis added). Therefore, the agreement does not entitle Plaintiff to attorneys' fees incurred after the acceptance of the offer of judgment. Plaintiff's fee application, however, improperly requests $797.00 of fees incurred after the July 19, 2010 acceptance of offer of Judgment. The Court cannot award these fees. The $400 in supplemental fees incurred in connection with the fee petition similarly cannot be awarded for the same reason.

The Court next turns to Defendant's claim that some of the fees claimed by Plaintiff are unreasonable because they represent time spent on clerical tasks. Fees earned for tasks which are clerical in nature are not recoverable. See, Missouri v. Jenkins, 491 U.S. 274, 288, n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"). See also, Schrum v. Burlington Northern Santa Fe Railway Co., 2008 U.S. Dist. LEXIS 43184, * 32 (D. Ariz. May 29, 2008). Plaintiff seeks $125.00 for such tasks as "filing" and "calendaring." This work is clerical in nature and so these fees cannot be awarded.

Defendant next argues that Plaintiff cannot collect attorneys' fees incurred by the attorneys Alex Weisberg and Joshua Trigsted, who are not licensed to practice in Arizona. However, it does not appear that outside counsel engaged in the unlawful practice of law, as they did not physically appear before the district court or sign pleadings. Rather, they had minimal, nonexclusive contact with Plaintiff, and the Arizona-licensed attorney remained responsible to Plaintiff. Therefore, Plaintiff can collect fees incurred by these lawyers. See Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815 (9th Cir. 2009).

1  Defendant next argues that the fee application failed to comply with LRCiv 54.2.
2 Defendant claims that the fee application is deficient because Plaintiff failed to attach a
3 complete copy of the written fee agreement. Defendant claims that because the fee
4 agreement was not complete, Defendant could not assess the reasonableness of the hourly
5 rates. As an initial matter, courts at their discretion may allow a party to supplement required
6 documents to its original motion. Schrum, 2007 U.S. Dist. Lexis 38139 at 8. In Schrum,
7 which Defendant cited, the court overlooked this same procedural deficiency when the
8 plaintiff failed to attach the fee agreement to his original motion, but later supplemented it.
9 Here, Plaintiff forgot to attach the fee agreement but later attached it to her Reply Brief. See
10 (doc. 20-2). Therefore, this Court will also overlook this procedural deficiency particularly
11 in light of the fact that Defendant stated in his Response to the Motion for Attorney's Fees
12 that the hourly rates were not in dispute.

13  Defendant also complains that Plaintiff attached "declarations" instead of affidavits
14 from the three attorneys seeking to recover fees. Declarations, however, can substitute
15 wherever affidavits are required. 28 U.S.C. § 1746. Defendant also alleges that the
16 declarations omitted required information, including specific references to the terms of the
17 fee agreement and the amounts that have been paid by Plaintiff as required pursuant to
18 LRCiv 54.2(d)(5). Having reviewed the declarations, the Court finds that Plaintiff failed to
19 include all required information, such as the amounts that have been paid by Plaintiff as
20 required under LRCiv. 54.2(d)(5). The requirements of LRCiv. 54.2 "are not advisory, but
21 mandatory" and it would be unreasonable to award the full amount of fees to a motion with
22 procedural flaws.

23  Finally, reviewing Plaintiff's application and the itemization of fees and costs, the
24 Court finds that the hourly rates and the fees incurred before the Offer of Judgment were
25 reasonable and not excessive. Therefore, after subtracting the fees incurred for clerical work
26 and the work performed after acceptance of the offer of judgment, and reducing the award
27
28

- 6 -

1 | by 10% due to the deficiencies in the declarations, the Court will award the Plaintiff
2 | $2,557.80 in attorney's fees and $400.00 in costs.
3 | / / /
4 | / / /

**Accordingly,**

**IT IS HEREBY ORDERED** Granting in Part and Denying in Part Plaintiff's Motion for Attorney's Fees (Doc. 18).

**IT IS FURTHER ORDERED** awarding Plaintiff $2,557.00 in Attorney's Fees;

**IT IS FURTHER ORDERED** awarding Plaintiff $400.00 in costs;

**IT IS FURTHER ORDERED** directing the Clerk to enter Judgment accordingly.

DATED this 23rd day of November, 2010.

_____
Mary H. Murguia
United States District Judge